DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| v. ) | **Magistrate No. 2015-0029** |
| ) | **Criminal No. 2015-0042** |
| **GAMALIER ROHLSEN-ARIZMENDI,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**Attorneys:**
**Alphonso G. Andrews, Jr., Esq.,**
St. Croix, U.S.V.I.
    *For the Government*

**Omodare B. Jupiter, Esq.,**
St. Croix, U.S.V.I.
**Gabriel J. Villegas, Esq.,**
St. Thomas, U.S.V.I.
    *For Defendant*

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendant Gamalier Rohlsen-Arizmendi's Motion to Dismiss (Dkt. No. 36), filed on December 17, 2015, and the Government's Opposition thereto (Dkt. No. 41), filed on December 30, 2015. Defendant Rohlsen-Arizmendi moves, pursuant to 18 U.S.C. §§ 3161(b) and 3162(a)(1), to dismiss with prejudice the two-count Complaint filed against him in this case. (*See* Dkt. No. 36 at 1). Defendant Rohlsen-Arizmendi argues for dismissal on the grounds that a formal charging document was not filed within thirty days of his arrest as required by the Speedy Trial Act. (*See id.*). For the reasons discussed below, the Court will deny the Motion to Dismiss.

### I.  PROCEDURAL HISTORY

Defendant Rohlsen-Arizmendi was arrested on November 14, 2015. (*See* Dkt. No. 1-1 at 2). On November 16, 2015, the Government filed a criminal Complaint charging Defendant

Rohlsen-Arizmendi, and three other defendants, with: (1) conspiracy to possess controlled substance with intent to distribute; and (2) possession of cocaine powder with intent to distribute. (Dkt. No. 1 at 1-2). Defendant Rohlsen-Arizmendi appeared before the Magistrate Judge for an Initial Appearance on that same day. (*See* Dkt. No. 2). During the Initial Appearance, the Government orally moved for pretrial detention of Defendant Rohlsen-Arizmendi (*see id*.), and followed with a written Motion for Detention on November 18, 2015 (Dkt. No. 16). A Preliminary and Detention Hearing was scheduled for November 19, 2015. (*See* Dkt. No. 2).

On November 18, 2015, Defendant Rohlsen-Arizmendi filed a Motion to Continue the Preliminary and Detention Hearing. (Dkt. No. 14). On that same day, the Magistrate Judge entered an Order granting the Motion to Continue and rescheduling the Preliminary and Detention Hearing for November 24, 2015. (Dkt. No. 15). Immediately following the Hearing on November 24, 2015, the Magistrate Judge entered an Order granting the Government's Motion for Detention (Dkt. No. 26) and an Order finding probable cause (Dkt. No. 28).

The instant Motion to Dismiss was filed on December 17, 2015. (Dkt. No. 36). On December 29, 2015, an Information was filed charging Defendant Rohlsen-Arizmendi, and nine other defendants, with the same crimes charged in the Complaint. (Criminal No. 1:15-cr-0042, Dkt. No. 43).

## II.   DISCUSSION

### A. Applicable Legal Principles

Under the Speedy Trial Act, "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested . . . ." 18 U.S.C. § 3161(b). If an information or indictment is not filed within the thirty-day time limit, the Speedy Trial Act requires dismissal, with or without prejudice,

of the charges in the complaint. *See* 18 U.S.C. § 3162(a)(1) ("If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required . . . such charge against that individual contained in such complaint shall be dismissed or otherwise dropped."); *see also United States v. Dyer*, 325 F.3d 464, 467 (3d Cir. 2003). In determining whether to dismiss the complaint with or without prejudice, the court must consider, *inter alia*: "[(1)] the seriousness of the offense; [(2)] the facts and circumstances of the case which led to the dismissal; and [(3)] the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice." 18 U.S.C. § 3162(a)(1).

The Speedy Trial Act provides, however, that certain "periods of delay shall be excluded in computing the time within which an information or an indictment must be filed . . . ." 18 U.S.C. § 3161(h). In particular, any period of delay "resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" is excluded from the thirty-day time limit. 18 U.S.C. § 3161(h)(1)(D). The defendant bears the burden of proving a violation of the Speedy Trial Act. *See* 18 U.S.C. § 3162(a)(2).

### B. Analysis

Defendant Rohlsen-Arizmendi asserts that because a formal charging document was not filed as of the date of the instant Motion to Dismiss (December 17, 2015)—thirty-three days after his arrest—the Speedy Trial Act was violated in this case and the Complaint must be dismissed with prejudice. (*See* Dkt. No. 36 at 1). In its Response, the Government states that "Rohlsen ignores the portion of the Speedy Trial Act that provides for excludable delay" and that "at least one event which constitutes 'excludable delay' has occurred since Rohlsen's arrest." (Dkt. No. 41 at 2). The Government concludes that "only twenty four (24) non-excludable days, at most, have expired"

3

between the date Defendant Rohlsen-Arizmendi was arrested and the date the Information was filed, and thus, no violation of the Speedy Trial Act has occurred. (*Id*. at 1).

Defendant Rohlsen-Arizmendi was arrested on November 14, 2015. (*See* Dkt. No. 1-1 at 2). Therefore, the thirty-day clock under the Speedy Trial Act began to run the next day, November 15, 2015. *See* FED. R. CRIM. P. 45(a)(1) (instructing that when computing a time period that is stated in days, "exclude the day of the event that triggers the period"); *see also United States v. Ortiz*, 2012 U.S. Dist. LEXIS 16919, at *7 (D.V.I. Feb. 10, 2012). The thirty-day clock then stopped on November 16, 2015 at the Initial Appearance when the Government orally moved for pretrial detention of Defendant Rohlsen-Arizmendi. *See United States v. Arbelaez*, 7 F.3d 344, 347 (3d Cir. 1993) (stating that "an oral motion is sufficient to invoke the time exclusion provided by the Speedy Trial Act"); *see also United States v. Ortiz*, 2012 U.S. Dist. LEXIS 16919, at *8 (D.V.I. Feb. 10, 2012) (finding the Government's oral motion to detain defendant at Advice of Rights hearing constitutes a pretrial motion under 18 U.S.C. § 3161(h)(1)(D)). Accordingly, one non-excludable day ran under the Speedy Trial Act between November 14, 2015 and November 16, 2015.

The Government's oral motion for pretrial detention at the Initial Appearance effectively tolled the thirty-day clock from November 16, 2015 until the hearing on, and prompt resolution of, the issues raised at the Preliminary and Detention Hearing on November 24, 2015. *See* 18 U.S.C. § 3161(h)(1)(D) (excluding "delay from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion"). The clock restarted the following day, November 25, 2015, and ran for twenty-two non-excludable days until December 16, 2015—the day prior to the filing of the instant Motion to Dismiss. *See United States v. Wrensford*, 2015 U.S. Dist. LEXIS 23131 (D.V.I. Feb. 26, 2015) (explaining that "the day on

4

which a motion is filed is excluded" from the Speedy Trial clock) (citing *United States v. Rashid*, 593 F. App'x 132, 135 (3d Cir. 2014)). At most, then, only twenty-three—rather than thirty-three—non-excludable days elapsed between November 14, 2015—the date Defendant Rohlsen-Arizmendi was arrested—and December 17, 2015—the date on which the instant Motion to Dismiss was filed. The Motion to Dismiss then tolled the Speedy Trial clock once again.

Because the thirty-day period for the filing of an information or indictment had not expired as of the date of the instant Motion to Dismiss, and an Information was filed on December 29, 2015 (*see* Criminal No. 1:15-cr-0042, Dkt. No. 43) —within the allowable thirty-day period—the Court finds that Defendant Rohlsen-Arizmendi has not established a violation of the Speedy Trial Act.

In addition to rejecting Defendant Rohlsen-Arizmendi's Motion to Dismiss on the merits, the Court feels compelled to comment on the inadequacy of Defendant Rohlsen-Arizmendi's filing. Rule 7.1(c) of the Local Rules of Civil Procedure, made applicable to criminal cases by Rule 1.2 of the Local Rules of Criminal Procedure, provides that "[m]otions, responses and replies shall be accompanied by a brief which shall contain a concise statement of reasons and citation of authorities." LRCi 7.1(c);[1] *see also* LRCr 1.2 ("In cases of general procedure not covered by these Rules, the Local Rules of Civil Procedure shall apply."). The importance of this Rule is clear: it allows both the opposing party (for purposes of responding) and the Court (for purposes of adjudicating) to be apprised—via the moving party's "brief"—not only of the moving party's position, but of the legal authorities and the reasoning that supports the position.

---

[1] Rule 7 of the Federal Rules of Civil Procedure similarly requires, *inter alia*, that motions "state with particularity the grounds for seeking the order." FED. R. CIV. P. 7(b)(1)(B).

While Defendant Rohlsen-Arizmendi's one and one-half page Motion purports to serve also as the accompanying "brief,"[2] as required by the Local Rules, it is woefully inadequate in this latter regard. Indeed, the Motion simply recites certain statutory provisions without providing any legal reasoning or analysis whatsoever. For example, while Defendant Rohlsen-Arizmendi seeks dismissal of the case *with* prejudice and lists the three statutory factors that *shall* be considered by the Court in making that determination, Defendant Rohlsen-Arizmendi fails to provide *any* analysis of those factors as they relate to this case. Nor is there a single case authority cited in the entire Motion. These deficiencies are troubling in any context, but particularly here where Defendant Rohlsen-Arizmendi bears the burden of proving that a violation of the Speedy Trial Act has occurred.

Simply stated, Defendant Rohlsen-Arizmendi's submission falls far short of what is required under the Local Rules and expected by this Court. Defendant Rohlsen-Arizmendi and his counsel—as well as all parties and their respective counsel—are advised to be mindful of the Court's concerns in this regard in future filings with the Court.

### III.   CONCLUSION

Because Defendant Rohlsen-Arizmendi has failed to establish a violation of the Speedy Trial Act, his Motion to Dismiss will be denied.

An appropriate Order accompanies this Memorandum Opinion.

Date:  January 22, 2016

_____/s/_____
WILMA A. LEWIS
Chief Judge

---

[2] Defendant Rohlsen-Arizmendi's filing is entitled "Motion to Dismiss Information [sic]." It presumably is intended to be a Motion to Dismiss and Memorandum in support thereof.